UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                         :     Case No. 1:14-cv-03891-RJD-VVP

LUC A. BIJOUX and JUAN RODRIGUEZ,  :
on behalf of themselves and all others    :
similarly situated,                    :

                  Plaintiffs,   :    **DEFENDANT'S ANSWER TO**
                         :    **PLAINTIFFS' CLASS AND**
     v.                     :    **COLLECTIVE ACTION COMPLAINT**
                         :

AMERIGROUP NEW YORK, LLC,     :
                         :
              Defendant.   :
-------------------------------------------------------X

      Defendant AMERIGROUP NEW YORK, LLC ("Amerigroup"), by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiffs' Class and Collective Action Complaint ("Complaint") and sets forth its defenses as follows:

<b>PRELIMINARY STATEMENT</b>

**COMPLAINT ¶ 1:**

      This lawsuit seeks to recover unpaid overtime compensation for Plaintiffs and their similarly situated co-workers who have worked for Defendant in New York as Medicaid Marketing Representatives, also known as Facilitated Enrollers and Certified Application Counselors (collectively referred to as "Marketing Representatives").

**ANSWER:**

      Paragraph 1 of the Complaint does not contain any factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant admits that Named-Plaintiffs Luc Bijoux and Juan Rodriguez ("Plaintiffs") seek to recover overtime compensation for themselves and the purported group of individuals described in Paragraph 1 of the Complaint. However, Defendant denies that it violated applicable overtime laws with respect to Plaintiffs or any of the individuals they purport to represent or otherwise include in this lawsuit, denies that Plaintiffs may properly maintain this case as an FLSA collective action or Rule 23 class action,

17584848v.6

denies that Plaintiffs are similarly situated to any other employee, and denies the remaining allegations in Paragraph 1 of the Complaint.

**COMPLAINT ¶ 2:**

Defendant is an insurance company, operating throughout the United States, including New York.

**ANSWER:**

Defendant admits that it is an insurance company that operates in New York.  Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶ 3:**

Defendant offers eligible individuals' government based health insurance programs, such as Medicaid.  Amerigroup employs Marketing Representatives, such as Plaintiffs, to enroll eligible New Yorkers for free or low-cost government-subsidized health insurance at locations throughout New York, including at doctors' offices, hospitals, and pharmacies.

**ANSWER:**

Defendant admits that it employs a number of individuals under various job titles, including marketing representatives, who enroll eligible individuals in government-based health insurance products.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

**COMPLAINT ¶ 4:**

Defendant requires its Marketing Representatives to meet daunting productivity requirements each workweek, forcing Plaintiffs to work in excess of 40 hours per workweek in order to avoid disciplinary action.

**ANSWER:**

Defendant denies the allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶ 5:**

While employed by Defendant, Plaintiffs consistently worked over 40 hours per week without receiving premium overtime pay for all the hours they worked.  Throughout the relevant period, it was Defendant's policy to deprive Plaintiffs of all of their earned overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL" or "N.Y. Lab. Law").  In order to avoid paying Plaintiffs overtime premiums for all of the hours

Plaintiffs worked in excess of 40 per workweek, Defendant required its Marketing Representatives to work "off-the-clock."

**ANSWER:**

Defendant denies the allegations in Paragraph 5 of the Complaint.

**COMPLAINT ¶ 6:**

Defendant tracked its Marketing Representatives' hours worked by requiring them to use a computer program that logged their hours worked each day.  Marketing Representatives were not permitted to log all of their overtime hours worked per workweek.

**ANSWER:**

Defendant denies the allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶ 7:**

After the end of their scheduled hours, Marketing Representatives typically continued to work "off-the-clock" for Defendant throughout the week by answering telephone calls and emails from supervisors and from Defendant's enrollees, meeting with enrollees at the office and at the enrollees' homes, completing paperwork, and attending events.  Marketing Representatives were required to complete these tasks after hours in order to meet their quotas as well as avoid discipline and termination.

**ANSWER:**

Defendant denies the allegations in Paragraph 7 of the Complaint.

**COMPLAINT ¶ 8:**

Defendant was aware of its Marketing Representatives' "off-the-clock" work because Marketing Representatives were required to communicate with their supervisors and advise them of their daily schedules, quotas fulfilled, and hours worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 8 of the Complaint.

**COMPLAINT ¶ 9:**

Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Marketing Representatives of Defendant pursuant to the FLSA.

**ANSWER:**

Paragraph 9 of the Complaint does not contain any factual allegations and, therefore, no response is required.  To the extent that a response is required, Defendant admits that Named-Plaintiffs Luc Bijoux and Juan Rodriguez purport to bring this action on behalf of themselves and the purported group of individuals described in Paragraph 9 of the Complaint for alleged violations of the FLSA.  However, Defendant denies that it violated the FLSA or any other applicable laws with respect to Plaintiffs or any such individuals, denies that Plaintiffs may properly maintain this case as an FLSA collective action or Rule 23 class action, denies that Plaintiffs are similarly situated to any other employee, and denies the remaining allegations in Paragraph 9 of the Complaint.

**COMPLAINT ¶ 10:**

Plaintiffs also seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this action, worked for Defendant as Marketing Representatives.

**ANSWER:**

Paragraph 10 of the Complaint does not contain any factual allegations and, therefore, no response is required.  To the extent that a response is required, Defendant admits that Plaintiffs seek permission to give notice to the purported group of individuals described in Paragraph 10 of the Complaint.  However, Defendant denies that Plaintiffs' request to give notice is properly raised, denies that Plaintiffs satisfy or could satisfy the requirements to give such notice, denies that Plaintiffs are similarly situated to any other employee, and denies the remaining allegations in Paragraph 10 of the Complaint.

## JURISDICTION & VENUE

**COMPLAINT ¶ 11:**

Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Paragraph 11 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant admits that Plaintiffs purport to invoke this Court's jurisdiction pursuant to 29 U.S.C. § 201, *et seq.*, and 28 U.S.C. §§ 1331, 1337, and 1367.

**COMPLAINT ¶ 12:**

This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Paragraph 12 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint.

**COMPLAINT ¶ 13:**

Defendant does business in Kings, Queens, Richmond, New York, Nassau and Suffolk Counties and maintains a principal place of business at 241 37th Street, Brooklyn, New York.

**ANSWER:**

Defendant admits that it does business in Kings, Queens, Richmond, New York, Nassau, and Suffolk counties.  Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶ 14:**

Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

**ANSWER:**

Paragraph 14 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiffs*

**COMPLAINT ¶ 15:**

Luc A. Bijoux is a resident of the County of Brooklyn, State of New York.

**ANSWER:**

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint. To the extent that a response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

**COMPLAINT ¶ 16:**

At all times relevant to the Complaint, Luc A. Bijoux was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

**ANSWER:**

Paragraph 16 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff Luc Bijoux was an "employee", as that term is used in Section 3(e) of the FLSA and Section 190(2) of the New York Labor Law, from on or around May 1, 2012 through May 2014, but denies the remaining allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶ 17:**

At all times relevant, Luc A. Bijoux was employed by Defendant as a Marketing Representative.

**ANSWER:**

Defendant admits that it employed Plaintiff Luc Bijoux as a marketing representative from on or around May 1, 2012 through May 2014.  Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

**COMPLAINT ¶ 18:**

Luc A. Bijoux has expressed his consent to make these claims against the Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (See Exhibit A, annexed hereto).

**ANSWER:**

Paragraph 18 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant admits the allegations in Paragraph 18 of the Complaint.

**COMPLAINT ¶ 19:**

Juan Rodriguez is a resident of the County of Nassau, State of New York.

**ANSWER:**

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.  To the extent that a response is required, Defendant denies the allegations in Paragraph 19 of the Complaint.

**COMPLAINT ¶ 20:**

At all times relevant to the Complaint, Juan Rodriguez was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

**ANSWER:**

Paragraph 20 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant admits that Plaintiff Juan Rodriguez was an "employee"  as that term is used in Section 3(e) of the FLSA and Section

190(2) of the New York Labor Law, from on or around May 1, 2012 through April 2013, but denies the remaining allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶ 21:**

At all times relevant, Juan Rodriguez was employed by Defendant as a Marketing Representative.

**ANSWER:**

Defendant admits that it employed Plaintiff Juan Rodriguez as a marketing representative from on or around May 1, 2012 through April 2013.  Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶ 22:**

Juan Rodriguez has expressed his consent to make these claims against the Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (See Exhibit A, annexed hereto).

**ANSWER:**

Paragraph 22 of the Complaint sets forth a legal conclusion to which no response is required.   To the extent that a response is required, Defendant admits the allegations in Paragraph 22 of the Complaint.

*Defendant*

**COMPLAINT ¶ 23:**

Upon information and belief, Defendant was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

**ANSWER:**

Defendant admits the allegations in Paragraph 23 of the Complaint.

**COMPLAINT ¶ 24:**

Upon information and belief, Defendant maintains control, oversight, and direction over its operations and employment practices.

8

**ANSWER:**

Defendant admits that it is an employer under the FLSA and N.Y. Lab. Law § 190(3). The remaining allegations of Paragraph 24 of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶ 25:**

At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

**ANSWER:**

Paragraph 25 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that it was an "employer," as that term is used in 29 U.S.C. § 203(d) and N.Y. Lab. Law § 190(3), during the time periods potentially relevant to each Plaintiff's individual claims.

**COMPLAINT ¶ 26:**

At all times hereinafter mentioned, the activities of the Defendant constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

**ANSWER:**

Paragraph 26 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that it was an "enterprise," as that term is used in 29 U.S.C. § 203(r), during the time periods potentially relevant to each Plaintiff's individual claims.

**COMPLAINT ¶ 27:**

At all times hereinafter mentioned, Defendant employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

**ANSWER:**

Paragraph 27 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that it employed employees who were regularly engaged in commerce during the time periods potentially relevant to Plaintiffs' individual claims. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶ 28:**

At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

**ANSWER:**

Defendant denies the allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶ 29:**

Defendant applies the same employment policies, practices, and procedures to all Marketing Representatives throughout New York, including policies, practices, and procedures with respect to payment of overtime compensation.

**ANSWER:**

Defendant denies the allegations in Paragraph 29 of the Complaint.

**COMPLAINT ¶ 30:**

Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

**ANSWER:**

Defendant admits the allegations in Paragraph 30 of the Complaint.

## FLSA COLLECTIVE ACTION CLAIMS

**COMPLAINT ¶ 31:**

Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendant as a Marketing Representative within the last 3 years and who elect to opt-in to this action.

**ANSWER:**

Paragraph 31 of the Complaint does not contain any factual allegations and, therefore, no response is required.  To the extent that a response is required, Defendant admits that Plaintiffs purport to bring the First Cause of Action on behalf of themselves and the purported group of marketing representatives described in Paragraph 31 of the Complaint.  However, Defendant denies that it violated the FLSA or any other applicable laws with respect to Plaintiffs or any such individuals, denies that Plaintiffs may properly maintain the First Cause of Action as an FLSA collective action, denies that Plaintiffs are similarly situated to any other employees, and denies the remaining allegations in Paragraph 31 of the Complaint.

**COMPLAINT ¶ 32:**

Upon information and belief, there are approximately more than 100 current and former Marketing Representatives that are similarly situated to Plaintiffs who were denied overtime compensation.

**ANSWER:**

Defendant denies the allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶ 33:**

Plaintiffs represent other Marketing Representatives, and are acting on behalf of Defendant's current and former Marketing Representatives' interests as well as their own interests in bringing this action.

**ANSWER:**

Paragraph 33 of the Complaint does not contain any factual allegations and, therefore, no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶ 34:**

Defendant unlawfully required Plaintiffs and all individuals employed as Marketing Representatives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1 and ½ times their regular hourly rate.

**ANSWER:**

Defendant denies the allegations in Paragraph 34 of the Complaint.

**COMPLAINT ¶ 35:**

Plaintiffs seek to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All Marketing Representatives who are currently or have been employed by the Defendant (hereinafter referred to as the "FLSA Collective") at any time during the 3 years prior to the filing of their respective consent forms (hereinafter referred to as the "Collective Period").

**ANSWER:**

Paragraph 35 of the Complaint does not contain any factual allegations and, therefore, no response is required.  To the extent that a response is required, Defendant admits that Plaintiffs purport to bring the First Cause of Action on behalf of themselves and the purported group of marketing representatives described in Paragraph 35 of the Complaint.  However, Defendant denies that it violated the FLSA or any other applicable laws with respect to Plaintiffs or any such individuals, denies that Plaintiffs may properly maintain the First Cause of Action as an FLSA collective action, denies that Plaintiffs are similarly situated to any other employees, and denies the remaining allegations in Paragraph 35 of the Complaint.

**COMPLAINT ¶ 36:**

Defendant was aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiffs and the FLSA Collective, an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendant suffered or permitted them to work in excess of 40 per workweek.  Upon information and belief, Defendant applied the same unlawful policies and practices to its Marketing Representatives throughout the State of New York.

**ANSWER:**

Paragraph 36 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant admits that it is and has been

aware of applicable laws, including the FLSA and New York state law, and specifically avers

that it complies with such laws.  Defendant denies the remaining allegations in Paragraph 36 of

the Complaint.

## COMPLAINT ¶ 37:

The FLSA Collective is readily identifiable and locatable through the use of the
Defendant's records.  The FLSA Collective should be notified of and allowed to opt-in to this
action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the
FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA,
will be unable to secure compensation to which they are entitled, and which has been unlawfully
withheld from them by the Defendant.

## ANSWER:

Defendant denies the allegations in Paragraph 37 of the Complaint.

### FEDERAL RULE OF CIVIL PROCEDURE RULE 23
### NEW YORK CLASS ALLEGATIONS

## COMPLAINT ¶ 38:

Plaintiffs bring the Second and Third Causes of Action on their own behalf and as a class
action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All Marketing Representatives who are currently, or have been
> employed by the Defendant, in the State of New York at any time
> during the 6 years prior to the filing of this Complaint to the entry
> of the judgment in the case (hereinafter referred to as the "New
> York Class" and the "New York Class Period," respectively.)

## ANSWER:

Paragraph 38 of the Complaint does not contain any factual allegations and, therefore, no

response is required.  To the extent that a response is required, Defendant admits that Plaintiffs

purport to bring the Second and Third Causes of Action on behalf of themselves and the

purported group of marketing representatives described in Paragraph 38 of the Complaint.

However, Defendant denies that it violated New York state law or any other applicable laws with

respect to Plaintiffs or any such individuals, denies that Plaintiffs may properly maintain the

Second and Third Causes of Action as a Rule 23 class action, denies that Plaintiffs are similarly

13

situated to any other employees, and denies the remaining allegations in Paragraph 38 of the

Complaint.

**COMPLAINT ¶ 39:**

The persons in the New York Class are so numerous that joinder of all members is impracticable.  Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

**ANSWER:**

Paragraph 39 of the Complaint sets forth a legal conclusion to which no response is

required.  To the extent that a response is required, Defendant denies the allegations in Paragraph

39 of the Complaint.

**COMPLAINT ¶ 40:**

Upon information and belief, the size of the New York Class is at least 100 individuals.

**ANSWER:**

Defendant denies the allegations in Paragraph 40 of the Complaint.

**COMPLAINT ¶ 41:**

The Second and Third Causes of Action are properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a.   whether the Defendant failed to keep accurate time records for all hours worked by the New York Class Representatives and the New York Class;

b.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.   whether the Defendant failed to pay proper compensation to New York Class Representatives and the New York Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the N.Y. Lab. Law Article 6, §§ 190 *et seq*. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

d.   whether Defendants failed to furnish the New York Class Representatives and New York Class with an accurate statement of, inter alia, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195;

e.   whether Defendants failed to furnish the New York Class Representatives and New York Class with the annual notice required by N.Y. Lab. Law § 195;

     f.      the nature and extent of New York Class-wide injury and the appropriate measure of damages sustained by the New York Class Representatives and the New York Class;

     g.      whether Defendant acted willfully or with reckless disregarding in its failure to pay the New York Class Representatives and the New York Class; and

     h.      the nature and extent of class-wide injury and the measure of damages for those injuries.

**ANSWER:**

Paragraph 41 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required,  Defendant denies the allegations in Paragraph 41 of the Complaint.

**COMPLAINT ¶ 42:**

The New York Class Representatives fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class.  The named Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

**ANSWER:**

Paragraph 42 of the Complaint sets forth a legal conclusion to which no response is required.  Moreover, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding the experience and competency of Plaintiffs' attorneys.  To the extent that a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

**COMPLAINT ¶ 43:**

A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate defendant.  The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

**ANSWER:**

Paragraph 43 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

**COMPLAINT ¶ 44:**

Further, the New York Class Representatives and the New York Class have been equally affected by the Defendant's failure to pay proper wages.  Moreover, members of the New York Class still employed by the Defendant may be reluctant to raise individual claims for fear of retaliation.

**ANSWER:**

Paragraph 44 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

**COMPLAINT ¶ 45:**

Defendant has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

**ANSWER:**

Paragraph 45 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 45 of the Complaint.

**COMPLAINT ¶ 46:**

Plaintiffs' claims are typical of those of the New York Class.  Plaintiffs and the other New York Class members were subjected to the Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  Plaintiffs' job duties are typical of those of the class members.

**ANSWER:**

Paragraph 46 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 46 of the Complaint.

**COMPLAINT ¶ 47:**

A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

**ANSWER:**

Paragraph 47 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 47 of the Complaint.

## CLASS-WIDE FACTUAL ALLEGATIONS

**COMPLAINT ¶ 48:**

Plaintiffs and the members of the FLSA Collective and New York Class (collectively "Class Members") have been victims of Defendant's common policy and plan that has violated their rights under the FLSA by requiring Marketing Representatives to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked. At all times relevant, Defendant's unlawful policy and pattern or practice has been willful.

**ANSWER:**

Paragraph 48 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 47 of the Complaint.

**COMPLAINT ¶ 49:**

All of the work performed by Class Members was assigned by Defendant and/or Defendant was aware of all the "off-the-clock" work that Plaintiffs and Class Members performed.

**ANSWER:**

Defendant denies the allegations in Paragraph 49 of the Complaint.

**COMPLAINT ¶ 50:**

Upon information and belief, Defendant has a policy and pattern or practice to require Plaintiffs and Class Members to work in excess of 8 hours per workday and requiring Plaintiffs and Class Members to work on weekends.

**ANSWER:**

Defendant denies the allegations in Paragraph 50 of the Complaint.

**COMPLAINT ¶ 51:**

Defendant failed to pay Plaintiffs and Class Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA.

**ANSWER:**

Paragraph 51 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

**COMPLAINT ¶ 52:**

Defendant failed to furnish Plaintiffs and Class Members with an accurate statement of, inter alia, wages, hours worked, and rates paid as required by NYLL;

**ANSWER:**

Paragraph 52 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 52 of the Complaint.

**COMPLAINT ¶ 53:**

Defendants failed to furnish Plaintiffs and Class Members with the annual notice required by NYLL;

**ANSWER:**

Paragraph 53 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

**COMPLAINT ¶ 54:**

As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA. Defendant's policy and pattern or practice includes but is not limited to:

    a.    Willfully failing to record all of the time that its employees, including Plaintiffs and Class Members, worked for the benefit of Defendant;

    b.    Willfully failing to keep payroll records as required by the FLSA and NYLL;

    c.    Willfully requiring Plaintiffs and Class Members to work "off-the-clock;" and

    d.    Willfully failing to pay its employees, including Plaintiffs and Class Members, overtime wages for all of the hours that they worked in excess of 40 per workweek.

**ANSWER:**

Paragraph 54 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 54 of the Complaint.

**COMPLAINT ¶ 55:**

Defendant was or should have been aware that the FLSA required it to pay its Marketing Representatives premium overtime pay for all hours worked in excess of 40 per week.

**ANSWER:**

Paragraph 55 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint.

**COMPLAINT ¶ 56:**

Defendant's failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

**ANSWER:**

Paragraph 56 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

**COMPLAINT ¶ 57:**

Defendant's unlawful conduct has been widespread, repeated, and consistent.

**ANSWER:**

Paragraph 57 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

**INDIVIDUAL FACTUAL ALLEGATIONS**

*Luc A. Bijoux*

**COMPLAINT ¶ 58:**

Luc A. Bijoux was employed by Defendant from in or about April 2008 until in or about May 2014 as a Marketing Representative.

**ANSWER:**

Defendant admits that it employed Plaintiff Luc Bijoux as a marketing representative from on or around May 1, 2012 through May 2014.  Defendant denies the remaining allegations in Paragraph 58 of the Complaint.

**COMPLAINT ¶ 59:**

Luc A. Bijoux was an employee of Defendant, working under its direct supervision.

**ANSWER:**

Defendant admits that it employed Plaintiff Luc Bijoux from on or around May 1, 2012 through May 2014.  Defendant denies the remaining allegations in Paragraph 59 of the Complaint.

**COMPLAINT ¶ 60:**

At all times hereinafter mentioned, Luc A. Bijoux was required to be paid overtime pay at the statutory rate of 1 and ½ his regular rate of pay after he had worked 40 hours in a workweek.

**ANSWER:**

Paragraph 60 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 60 of the Complaint.

**COMPLAINT ¶ 61:**

During most workweeks between June 2008 and June 2014, Luc A. Bijoux worked more than 65 hours per week.

**ANSWER:**

Defendant denies the allegations in Paragraph 61 of the Complaint.

**COMPLAINT ¶ 62:**

Defendant failed to compensate Luc A. Bijoux for all of the time worked in excess of 40 hours per week at a rate of at least 1 and ½ times his regular hourly rate, throughout the entire term of his employment with Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 62 of the Complaint and specifically avers that Plaintiff Luc Bijoux was properly compensated for all hours worked under the FLSA and New York state law.

**COMPLAINT ¶ 63:**

Defendant failed to furnish Luc A. Bijoux with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

**ANSWER:**

Defendant denies the allegations in Paragraph 63 of the Complaint.

**COMPLAINT ¶ 64:**

Upon information and belief, Defendant did not keep accurate records of hours worked by Luc A. Bijoux.

**ANSWER:**

Defendant denies the allegations in Paragraph 64 of the Complaint.

*Juan Rodriguez*

**COMPLAINT ¶ 65:**

Juan Rodriguez was employed by Defendant from in or about December 2005 until in or about March 2013 as a Marketing Representative.

**ANSWER:**

Defendant admits that it employed Plaintiff Juan Rodriguez as marketing representative from on or around May 1, 2012 through April 2013.  Defendant denies the remaining allegations in Paragraph 65 of the Complaint.

**COMPLAINT ¶ 66:**

Juan Rodriguez was an employee of Defendant, working under its direct supervision.

**ANSWER:**

Defendant admits that it employed Plaintiff Juan Rodriguez from on or around May 1, 2012 through April 2013.  Defendant denies the remaining allegations in Paragraph 66 of the Complaint.

**COMPLAINT ¶ 67:**

At all times hereinafter mentioned, Juan Rodriguez was required to be paid overtime pay at the statutory rate of 1 and ½ his regular rate of pay after he worked 40 hours in a workweek.

**ANSWER:**

Paragraph 67 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 67 of the Complaint.

**COMPLAINT ¶ 68:**

During most workweeks between June 2008 and March 2013, Juan Rodriguez worked more than 65 hours per week.

**ANSWER:**

Defendant denies the allegations in Paragraph 68 of the Complaint.

**COMPLAINT ¶ 69:**

Defendant failed to compensate Juan Rodriguez for all of the time worked in excess of 40 hours per week at a rate of at least 1 and ½ times his regular hourly rate, throughout the entire term of his employment with Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 69 of the Complaint and specifically avers that Plaintiff Juan Rodriguez was properly compensated for all hours worked under the FLSA and New York state law.

**COMPLAINT ¶ 70:**

Defendant failed to furnish Juan Rodriguez with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

**ANSWER:**

Defendant denies the allegations in Paragraph 70 of the Complaint.

**COMPLAINT ¶ 71:**

Upon information and belief, Defendant did not keep accurate records of hours worked by Juan Rodriguez.

**ANSWER:**

Defendant denies the allegations in Paragraph 71 of the Complaint.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

**COMPLAINT ¶ 72:**

Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**

Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 71 of the Complaint as its answer to Paragraph 72 of the Complaint.

**COMPLAINT ¶ 73:**

Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

**ANSWER:**

Paragraph 73 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 73 of the Complaint.

**COMPLAINT ¶ 74:**

Defendant employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

**ANSWER:**

Paragraph 74 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 74 of the Complaint.

**COMPLAINT ¶ 75:**

Plaintiffs have expressed their consent to make these claims against the Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Paragraph 75 of the Complaint sets forth a legal conclusion to which no response is required.   To the extent that a response is required, Defendant admits the allegations in Paragraph 75 of the Complaint.

**COMPLAINT ¶ 76:**

Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

**ANSWER:**

Paragraph 76 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 76 of the Complaint.

**COMPLAINT ¶ 77:**

Because Defendant's violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**ANSWER:**

Paragraph 77 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 77 of the Complaint.

**COMPLAINT ¶ 78:**

As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and the Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**ANSWER:**

Paragraph 78 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 78 of the Complaint.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

**COMPLAINT ¶ 79:**

Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**

Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 78 of the Complaint as its answer to Paragraph 79 of the Complaint.

**COMPLAINT ¶ 80:**

Defendant employed Plaintiffs and members of the New York Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the New York Class for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of NYLL.

**ANSWER:**

Paragraph 80 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 80 of the Complaint.

**COMPLAINT ¶ 81:**

By the course of conduct set forth above, Defendant has violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

**ANSWER:**

Paragraph 81 of the Complaint sets forth a legal conclusion to which no response is

required.  To the extent that a response is required, Defendant denies the allegations in Paragraph

81 of the Complaint.

**COMPLAINT ¶ 82:**

Defendant failed to keep, make, preserve, maintain and furnish accurate records of time
worked by Plaintiffs and Class Members.

**ANSWER:**

Defendant denies the allegations in Paragraph 82 of the Complaint.

**COMPLAINT ¶ 83:**

Defendant has a policy and practice of refusing to pay overtime compensation for all
hours worked to Plaintiffs and the New York Class.

**ANSWER:**

Defendant denies the allegations in Paragraph 83 of the Complaint.

**COMPLAINT ¶ 84:**

Defendant's failure to pay overtime compensation to Plaintiffs and the New York Class
was willful within the meaning of N.Y. Lab. Law § 663.

**ANSWER:**

Paragraph 84 of the Complaint sets forth a legal conclusion to which no response is

required.  To the extent that a response is required, Defendant denies the allegations in Paragraph

84 of the Complaint.

**COMPLAINT ¶ 85:**

As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have
incurred damages thereby and Defendant is indebted to them in the amount of the unpaid
overtime compensation and such other legal and equitable relief due to the Defendant's unlawful
and willful conduct, as the Court deems just and proper.

**ANSWER:**

Paragraph 85 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 85 of the Complaint.

**COMPLAINT ¶ 86:**

Plaintiffs seek recovery of liquidated damages, attorneys' fees, and costs to be paid by the Defendant as provided by the NYLL.

**ANSWER:**

Paragraph 86 of the Complaint does not contain any factual allegations and, therefore, no response is required.  To the extent that a response is required, Defendant admits that Plaintiffs seek liquidated damages, attorneys' fees, and costs.  Defendant denies that Plaintiffs are entitled to any such relief and denies the remaining allegations in Paragraph 86 of the Complaint.

**THIRD CAUSE OF ACTION**
**NYLL – Notice and Record-Keeping Requirement Violation**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

**COMPLAINT ¶ 87:**

Plaintiffs reallege and incorporate by reference herein all allegations in all preceding paragraphs.

**ANSWER:**

Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 86 of the Complaint as its answer to Paragraph 87 of the Complaint.

**COMPLAINT ¶ 88:**

Defendant failed to supply Plaintiffs and members of the New York Class notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

28

business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

**ANSWER:**

Paragraph 88 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 88 of the Complaint.

**COMPLAINT ¶ 89:**

Defendant failed to supply Plaintiffs and members of the New York Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

**ANSWER:**

Paragraph 89 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 89 of the Complaint.

**COMPLAINT ¶ 90:**

Due to Defendant's violations of N.Y. Lab. Law § 195. Plaintiffs and members of the New York Class are each entitled to damages of $50 for each workweek that Defendant failed to provide a wage notice, or a total of $2,500 per class member, and damages of $100 for each workweek that Defendant failed to provide accurate wage statements, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**ANSWER:**

Paragraph 90 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 90 of the Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs' Prayer For Relief does not contain any factual allegations and, therefore, no response is required.  To the extent that a response is required, Defendant denies that any of the Plaintiffs or any individuals who they purport to represent or otherwise include in this lawsuit are entitled to any of the relief sought and also deny that the relief sought is proper.

## DEFENDANT'S AFFIRMATIVE & OTHER DEFENSES

In asserting the following defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are not Defendant's burden to prove.  Defendant further avers that Plaintiffs' claims, including their collective and class action allegations, are so vague as to render it impossible to identify every possible affirmative or other defense.  Thus, Defendant reserves its right to assert additional defenses should the precise nature of Plaintiffs' claims, and/or the claims of any other individuals who join this lawsuit, become more clear.

### FIRST DEFENSE

Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted, either on their own behalf or on behalf of those whom they allege would comprise a putative collective or class of similarly situated individuals.

### SECOND DEFENSE

Defendant paid Plaintiffs, and all individuals they purport to represent, for all hours worked in compliance with the FLSA and New York state law.  Thus, Plaintiffs' and/or the purported putative collective and/or class members' claims are barred.

### THIRD DEFENSE

This case cannot be properly maintained as an FLSA collective action, nor can Plaintiffs establish the existence of the requirements necessary to obtain certification of a collective action under 29 U.S.C. § 216(b).  Defendant specifically maintains that the Complaint fails to meet the

requirements necessary to justify certification of a collective action or issuance of notice pursuant to 29 U.S.C.§ 216.

## FOURTH DEFENSE

This case cannot be properly maintained as a Rule 23 class action, nor can Plaintiffs establish the existence of the requirements necessary to obtain certification of a class action or issuance of notice under Fed. R. Civ. P. 23.

## FIFTH DEFENSE

Defendant acted in accordance with any and all duties and obligations under the FLSA and New York state law, including the related regulations and any binding interpretations.

## SIXTH DEFENSE

Some or all of Plaintiffs' claims and/or the claims of those whom they allege would comprise a putative collective or class of similarly situated individuals fail because they did not work in excess of 40 hours per week during all or part of the relevant time period.

## SEVENTH DEFENSE

Any claims alleging equitable relief are barred because Plaintiffs and those whom they allege would comprise a putative collective or class of similarly situated individuals have an adequate and complete remedy at law.

## EIGHTH DEFENSE

Plaintiffs' claims and the claims of those whom they allege would comprise a putative collective or class of similarly situated individuals are barred by the doctrines of res judicata and/or collateral estoppel.

**NINTH DEFENSE**

Some or all of the purported claims of Plaintiffs and/or those whom they allege would comprise a collective or class of similarly situated individuals are barred in whole or in part by the applicable statutes of limitations.

**TENTH DEFENSE**

Plaintiffs, and some of those whom they allege would comprise a putative collective or class of similarly situated individuals, were exempt from the overtime and recordkeeping provisions of the FLSA and corresponding New York state law requirements, including corresponding regulations.

**ELEVENTH DEFENSE**

Further, and in the alternative if necessary, Defendant's actions with respect to Plaintiffs, and any others determined to be similarly situated, were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, pursuant to 29 U.S.C. § 259 and applicable state law.

**TWELFTH DEFENSE**

Further, and in the alternative if necessary, Defendant's actions with respect to Plaintiffs, and any other employees determined to be similarly situated, were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260 and applicable state law.

**THIRTEENTH DEFENSE**

Further, and in the alternative if necessary, neither Plaintiffs nor the persons whom they allege would comprise a putative collective or class of similarly situated individuals are entitled to any penalty, multiplication of damages, or extension of any statute of limitations period

32

because Defendant did not willfully, knowingly, or intentionally fail to comply with the provisions of the FLSA or any other applicable laws.

### FOURTEENTH DEFENSE

Further, and in the alternative if necessary, some of all of the purported claims in the Complaint are barred because the time for which compensation is sought is *de minimis* and, therefore, not compensable.

### FIFTEENTH DEFENSE

Further, and in the alternative if necessary, some of all of the purported claims in the Complaint are barred because the activities performed during the time for which compensation is sought do not constitute compensable work under the FLSA or New York state law and, furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities, or the principal activities of any purportedly similarly situated individual, and are not compensable.

### SIXTEENTH DEFENSE

Further, and in the alternative if necessary, Plaintiffs' claims for liquidated damages and prejudgment interest under the FLSA and New York state law are barred to the extent that any such forms of relief are duplicative of one another.

### SEVENTEENTH DEFENSE

Further, and in the alternative if necessary, some or all of the purported claims in the Complaint are subject to setoff, offset, and/or recoupment.

### EIGHTEENTH DEFENSE

Subject to proof through discovery, some or all of the purported claims of Plaintiffs and any putative collective and/or class action members are barred, in whole or in part, by the doctrines of consent, laches, release, waiver, and/or estoppel.

## NINETEENTH DEFENSE

Subject to proof through discovery, some or all of the purported claims of Plaintiffs and any putative collective and/or class action members are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTIETH DEFENSE

Some or all of Plaintiffs and putative collective and/or class action members lack standing to bring the claims in the Complaint because Defendant did not employ them and was not their employer during all or part of the time period relevant to this lawsuit.

## TWENTY-FIRST DEFENSE

Some or all of Plaintiffs' and putative collective and/or class action members' claims fail to the extent that they filed for bankruptcy without listing their claims against Defendant among their assets.

## TWENTY-SECOND DEFENSE

Subject to proof through discovery, Plaintiffs and putative collective and/or class action members have failed to mitigate their damages.

## TWENTY-THIRD DEFENSE

Plaintiffs' interests are at conflict with one or more putative collective and/or class action members and/or each other.

## TWENTY-FOURTH DEFENSE

Subject to proof through discovery, some or all of the claims asserted in the Complaint are barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto* because Defendant implemented policies and procedures to ensure that all employees were compensated for any and all hours worked, and Plaintiffs and the putative collective and/or class members

unreasonably failed to report any complaints to Defendant and failed to take advantage of Defendant's policies and procedures.

### TWENTY-FIFTH DEFENSE

Subject to proof through discovery, some or all of the claims asserted in the Complaint are barred, in whole or in part, by the avoidable consequences doctrine because Defendant implemented policies and procedures to ensure that all employees were compensated for any and all hours worked; Plaintiffs and the putative collective and/or class members unreasonably failed to utilize Defendant's corrective measures or policies and procedures; and the reasonable use of Defendant's policies and procedures to report any allegations of non-payment would have prevented some or all of Plaintiffs' and the putative collective and/or class members' harm.

Defendant reserves the right to amend its answer to raise additional affirmative or other defenses or to pursue any available counterclaims against Plaintiffs or any putative collective and/or class action member who joins in this action as those claims become known during this litigation.

WHEREFORE, Defendant respectfully requests that, after due proceedings, the Court enter judgment in its favor dismissing Plaintiffs' claims with prejudice and awarding Defendant the costs of this proceeding, including its reasonable attorneys' fees and any other relief this Court deems appropriate.

Dated:   September 3, 2014                    Respectfully submitted,

                                              s/ *Heather Havette*
                                              Heather Havette (Georgia Bar No. 142080)
                                              hhavette@seyfarth.com
                                              Diana Kim (Georgia Bar. No 431626)
                                              dkim@seyfarth.com
                                              Olushola Ayanbule* (Georgia Bar. No. 834796)
                                              oayanbule@seyfarth.com
                                              SEYFARTH SHAW LLP
                                              1075 Peachtree Street, N.E., Suite 2500
                                              Atlanta, Georgia 30309-3958
                                              Telephone:  (404) 885-1500
                                              Facsimile:  (404) 892-7056

                                              *Attorneys For Defendant*

                                              *\*Pro Hac motion to be filed*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2014, I electronically filed **Defendant's Answer to Plaintiffs' Class and Collective Action Complaint** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Rachel M. Bien                                      Garrett D. Kaske
OUTTEN & GOLDEN LLP                      Marijana F Matura
3 Park Avenue, 29th Floor                    Troy L. Kessler
New York, NY 10016                           SHULMAN KESSLER LLP
                                                          510 Broadhollow Road
                                                          Suite 110
                                                          Melville, NY 11747


                                                          s/ *Heather Havette*
                                                          Heather Havette

17584848v.6