```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
LUC A. BIJOUX and JUAN RODRIGUEZ,           :
on behalf of themselves and all others      :
similarly situated,                         :
                                            :
                Plaintiffs,                 :    Case No. 1:14-cv-03891-RJD-VVP
                                            :
        v.                                  :
                                            :
AMERIGROUP NEW YORK, LLC,                   :
                                            :
                Defendant.                  :
                                            :
---------------------------------------------------------X
```

# DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-CERTIFIED NOTICE PURSUANT TO SECTION 216(B) OF THE FLSA

Dated:  New York, New York
        August 6, 2015

Heather Havette (#142080)
hhavette@seyfarth.com
Diana S. Kim (#431626)
dkim@seyfarth.com
Olushola Ayanbule (#834796)
oayanbule@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Attorneys for Defendant

Defendant AMERIGROUP NEW YORK, LLC, by its attorneys and pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), hereby objects to Magistrate Judge Viktor V. Pohorelsky's July 23, 2015 Report and Recommendation (the "Report") (Dkt. No. 59), in which Judge Pohorelsky recommends that the Court grant Plaintiffs' Motion for Conditional Certification and Court-Certified Notice to a statewide putative class of Marketing Representatives. It is Defendant's position that, in recommending the grant of conditional certification, Magistrate Judge Pohorelsky erred in interpreting the relevant case law and endorsing Plaintiffs' legal arguments for a statewide collective action notice. As such, the Court should reject the entirety of Magistrate Judge Pohorelsky's Report or, at a minimum, limit the scope of his recommendation.

## BACKGROUND

On June 23, 2014, Plaintiffs Luc Bijoux and Juan Rodriguez, both former Marketing Representatives ("MRs") for Defendant, filed this lawsuit under the Fair Labor Standards Act ("FLSA") on behalf of themselves and all other "similarly situated" employees. (Dkt No. 1.) In their Complaint, Plaintiffs alleged that Defendant failed to pay the putative class members for all overtime hours they worked, and that this failure was purportedly because Defendant's productivity goals were so daunting that Plaintiffs could not complete them within a 40-hour workweek. Compl. ¶ 4. There is nothing *unlawful* about a company imposing productivity goals on its employees, especially where, as here, the Defendant had a policy that required its employees to record all hours worked and where Defendant paid Plaintiffs for hours worked over 40 in one week. (Dkt. No. 53, at 2-3.) Plaintiffs, therefore, further alleged that Defendant maintained a practice of preventing MRs from "log[ging] all of their overtime hours worked per workweek." *Id.*, ¶ 6. Plaintiffs, however, did not allege how this phantom policy or practice was

carried out or what specific actions, if any, Defendant took to implement this policy or to otherwise limit overtime. Nor did Plaintiffs allege how this *de facto* "policy" was applied to the broad collective they now claim are "similarly situated."

On October 24, 2014, Plaintiffs moved for Conditional Certification and Court-Certified Notice, asserting that they have satisfied their burden of demonstrating there "may be" other similarly situated MRs employed by Defendant and asking this Court to authorize notice to *all* MRs who have worked for Defendant in New York since May 2012. Expanding on their Complaint allegations, but still lacking critical evidentiary support, Plaintiffs advance the same arguments for conditional certification: Defendant's daunting productivity goals, Plaintiffs argue, required that MRs work beyond 40 hours per week and Defendant, in some unknown fashion, prevented them from recording all of their overtime hours.

In detailed declarations submitted with their motion, Plaintiffs provided some facts to support their contention that they (1) were subject to facially lawful productivity goals and (2) may have worked over 40 hours per week, but not a single declaration, or other factual submission, mentioned or even vaguely referenced a policy or practice of limiting or discouraging overtime. Further, at the hearing on Plaintiffs' motion, Plaintiffs' counsel conceded that they have no evidence of any statewide policy or practice to deny, limit, or discourage MRs from recording overtime hours. (Dkt. No. 50, at 26-27.) In sum, Plaintiffs' pending motion rests on Defendant's lawful policy of imposing productivity goals and lawful policy of requiring that MRs record all hours worked, but they have provided no facts which demonstrate that these lawful policies were applied in an unlawful manner.[1]

---

[1] Approximately one week after the January 14, 2015 hearing, Plaintiffs moved the Court for permission to file a second set of supplemental declarations from Named Plaintiffs Bijoux and Rodriguez and two opt-in plaintiffs to address the deficiencies of prior declarations. On January

Likely recognizing the paucity of their evidence, Plaintiffs rely on other cases in which courts granted conditional certification where the plaintiffs provided factual support for allegations that the defendants (1) imposed production goals, and (2) knew those goals could not be met within a 40-hour workweek. (Dkt. No. 33, at 11-12.) However, in the cases Plaintiffs cited, and upon which Magistrate Judge Pohorelsky relied, there was *factual support* provided for the crucial third element necessary to support an allegation of an <u>*unlawful* policy of plan - *i.e.*, (3) that the defendant had a policy of discouraging or limiting the overtime hours that could be recorded</u>. *See infra* pp. 6-8.

On July 23, 2015, Magistrate Judge Pohorelsky filed his Report, Dkt. No. 59, in which he recommended that the Court enter an Order granting Plaintiffs' Motion for Conditional Certification and Court-Certified Notice. *First*, despite acknowledging that "Plaintiffs' declarations[2] in support of their motion do not state that MRs were prohibited from logging their overtime hours," and that Plaintiffs did not "expressly state that Amerigroup unlawfully limited or discouraged overtime," Dkt No. 59 at 1, n.1; 9, Magistrate Judge Pohorelsky nonetheless found that Plaintiffs demonstrated the presence of an unlawful plan or policy for purposes of conditional certification. In doing so, Magistrate Judge Pohorelsky concluded "it is reasonable to infer a practice of either discouraging the reporting of overtime hours or failing to compensate MRs for all of the hours that were reported" because "Amerigroup (1) imposed enrollment goals; (2) was aware that its MRs were working overtime in order to meet these goals; and (3) did not compensate the MRs for all overtime hours worked." (*Id.*, at 9.) Such an *inference*, however,

---

27, Defendant filed its opposition to Plaintiffs' request to supplement the record and, on March 12, Magistrate Judge Pohorelsky denied Plaintiffs' request. As such, the contents of Plaintiffs' proposed supplemental declarations are not part of the record evidence.

[2] Plaintiffs each submitted declarations, and the declarations of 10 opt-in plaintiffs, in support of their Motion for Conditional Certification and Court-Certified Notice. (Dkt. No. 34.)

goes beyond the scope of Second Circuit precedent and, in essence, eradicates the requirement that Plaintiffs make a "modest *factual* showing" of a common policy or law that *violated the law*. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

*Second*, despite the absence of any "glue" binding Plaintiffs' proposed class, Magistrate Judge Pohorelsky reasoned that Plaintiffs and those they seek to represent are similarly situated and recommended that the Court grant conditional certification as to a statewide putative class of MRs. Without a causal link creating an unlawful policy, though, Plaintiffs' limited experiences cannot be extended to an entire collective.

Defendant respectfully objects to Magistrate Judge Pohorelsky's Report because: (1) his conclusion that Plaintiffs made a sufficient factual showing of a common and unlawful policy or plan is erroneous and contrary to law, *see* Dkt. No. 59, at 7-13, and the denial of conditional certification is appropriate because Plaintiffs did not, and cannot, demonstrate any *factual nexus* between their alleged productivity goals and an *illegal* company-wide policy to *deny overtime*; and (2) even if the Court finds that sufficient facts exist for a reasonable inference of a common and unlawful policy or plan, for the purpose of conditional certification, such evidence certainly does not support statewide notice to approximately 275 MRs across New York. Simply stated, sending an invitation to join this lawsuit to almost 300 individuals, when there is no common basis on which to adjudicate their claims, would be contrary to the FLSA's statutory goal of judicial efficiency.

The Court should therefore reject the Report or, at the minimum, modify the recommended scope of relief as discussed herein.

**STANDARD OF REVIEW**

The Court must review those portions of the Report to which Defendant objects *de novo*. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998), *cert. denied*, 525 U.S. 907 (1998). In doing so, the Court may "accept, reject, or modify in whole or in part," the findings and recommendation of the Magistrate Judge. It also may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also Larocco v. Jackson*, No. 10–CV–1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010).

Courts can and should reject recommendations to grant class or conditional certification where plaintiffs have failed to meet their burden of proof and where certification otherwise is not appropriate. *See, e.g., Harris v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 564, 578 (D. Minn. 2014) (rejecting magistrate's recommendation to grant conditional certification of a nationwide collective action because "Plaintiffs' evidence is insufficient to establish a colorable basis for a nationwide collective action even under the lenient conditional certification standard"); *Suvill v. Bogopa Serv. Corp.*, No. 11-CV-3372(SLT)(RER), 2014 WL 4966029, at **10-11 (E.D.N.Y. Sept. 30, 2014) (rejecting magistrate's recommendation to grant certification of a statewide class because plaintiffs did not satisfy Rule 23(a)'s commonality and typicality requirements).

**ARGUMENT**

I. <u>The Magistrate Judge Erred In Finding That Plaintiffs Made A Sufficient Showing Of A Common and Unlawful Policy Or Plan To Violate The Law.</u>

At the first stage of the certification process, plaintiffs seeking certification of a collective bear the burden of showing that they are "similarly situated" to each other and members of the putative class by making a *modest factual showing* "sufficient to demonstrate that they and

potential plaintiffs together were victims of a common policy or plan *that violated the law.*" *Jenkins v. TJX Companies, Inc.*, 853 F. Supp. 2d 317, 321 (E.D.N.Y. 2012) (quoting *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)) (emphases added). Although this burden is not high, "[t]he modest factual showing required to obtain conditional certification cannot be satisfied by unsupported assertions." *Myers*, 624 F.3d at 555 (Internal quotation marks and citations omitted).

In his Report, Magistrate Judge Pohorelsky acknowledges that Plaintiffs put forth no factual evidence indicating that Defendant "unlawfully limited or discouraged overtime." (Dkt. No. 59 at 9.) He, however, accepts Plaintiffs' two-fold argument that their (1) productivity goals compelled them to work uncompensated overtime; and (2) supervisors had knowledge of work they performed beyond their scheduled shifts. These two facts, Magistrate Judge Pohorelsky concluded, "bespeak[] a deliberate policy not to pay overtime" and are sufficient to "infer a practice of either discouraging the reporting of overtime hours, or failing to compensate MRs for all of the hours that were reported." (*Id*., at 9, 11.) In reaching this conclusion, Magistrate Judge Pohorelsky relies principally on three cases for the proposition that Defendant's "*de facto* policy of requiring overtime work without attendant compensation" was sufficient to *infer* that it engaged in a pattern or practice of FLSA violations. (*Id*.) A close review of these cases, however, provides no support for the ultimate finding that Defendant's otherwise lawful productivity goals are inextricably linked to a widespread pattern or practice of unlawful conduct sufficient to justify conditional certification.

In *Amador v. Morgan Stanley & Co.*, No. 11-CV-4326, 2013 WL 494020, at *1, 6 (S.D.N.Y. Feb. 7, 2013), the court granted the plaintiffs' motion for conditional certification after finding sufficient evidence that the plaintiffs may have been subject to a common policy or

practice "requiring overtime work without attendant compensation" for Client Services Associates ("CSAs") to "satisfy the various demands of their jobs." Any purported similarities between the *Amador* allegations and Plaintiffs' allegations end there. Unlike Plaintiffs' proferred evidence, the *Amador* plaintiffs' evidence was far more extensive and indicative of a possible *de facto* practice of FLSA violations. Far beyond allegations that their "job demands" required overtime work, the *Amador* plaintiffs presented evidence that their supervisors "(1) told them to *not record* [overtime] hours, except in particular circumstances and with pre-approval; (2) *altered* time records that reflected overtime; (3) *demanded* that CSAs who submitted timesheets reflecting overtime change those timesheets; and/or (4) *pressured* CSAs in such a way as to discourage them from asking for overtime that they actually worked." *Id*., at *5. (Emphases added.)

Plaintiffs have presented no such facts or even allegations here. Indeed, the *Amador* court distinguished another case, *Richardson v. Wells Fargo Bank, N.A*., No. 11-CV-738(NFA), 2012 WL 334038, at *4 (S.D. Tex. Feb. 2, 2012), in which the court denied conditional certification "where, unlike here, 'most plaintiffs provided no evidence that their supervisors actually told them that they must perform work off-the-clock, nor did most plaintiffs provide proof of any rejected request for overtime pay for the tasks in issue.'" *Amador*, 2013 WL 494020, at *7.[3] In drawing this distinction, the *Amador* court acknowledged that naked assertions of unlawful policies or practices based *solely* on "job demands" or productivity goals are insufficient to justify the conditional certification of a collective action. Plaintiffs have not

---

[3] The *Richardson* court also explained: "To prove a company-wide national policy, Plaintiffs also rely on personal bankers' alleged difficulty of finishing all their assigned duties within a forty-hour workweek and managers' alleged awareness that employees worked unlogged hours. Subjective beliefs or fear about logging overtime hours is insufficient to establish an actual company-wide policy." 2012 WL 334038, at *5.

provided evidence of a single instance where overtime hours were requested but denied, much less evidence of a systematic practice of denying such requests.

Likewise, in *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 400, 404 (S.D.N.Y. 2013), the court authorized notice based upon what it characterized as an "overarching policy," and what the plaintiffs characterized as a "dual-edged sword," of "strictly limiting" overtime together with "rigorous sales quotas." Thus, the *Winfield* plaintiffs connected their sales goals to specific unlawful practices as their managers "instructed or pressured them not to record [overtime] hours or altered timesheets to remove overtime hours recorded." *Id.*, at 401. To summarize, the defendant's combination of "lock-step," "strict sales quotas," *id.* at 404, and its managers' instructions not to record overtime hours formed the basis for the court's finding that the plaintiff may have been subjected to an unlawful common policy or practice to evade the FLSA's requirements. Finally, in *Levy v. Verizon Info. Servs. Inc.*, No. 06-CV-1583, 2007 WL 1747104, at *1-2 (E.D.N.Y. June 11, 2007), the putative class members were paid on fixed 40-hour workweek, and the defendant had no system by which they could record hours worked, despite "significant pressure to meet or exceed strict sales quotas." As in *Amador* and *Winfield*, the court also found that the defendant's lack of a timekeeping system *coupled with* its strict sales quotas was sufficient to satisfy the *Myers* standard for a "modest factual showing" of a possible unlawful policy or plan to permit conditional certification.[4]

The above cases reveal plainly that Plaintiffs' failure to produce *any* evidence, other than argument, demonstrating that Defendant's lawful productivity goals somehow encouraged FLSA

---

[4] *See also Garcia v. Four Brothers Pizza, Inc.*, No. 13-CV-1505(VB), 2014 WL 2211958 (S.D.N.Y. May 23, 2014) (plaintiffs instructed to work 12 hours each day, but required to record no more than 40 hours per week); *Guaman v. 5 M Corp.*, No. 13-CV-03820(LGS), 2013 WL 5745905 (S.D.N.Y. Oct. 23, 2013) (plaintiff required to clock out for hour-long meal breaks even though he continued working during that time).

violations undermines an inference that they and putative class members were victims of a statewide unlawful policy or practice.[5]  If Plaintiffs need only show that putative class members were subject to productivity goals and worked over 40 hours per week without any additional evidence of an unlawful common policy or plan, then the "similarly situated" analysis is effectively deferred to the decertification stage, and the conditional certification stage serves little purpose.  But, conditional certification is not superfluous and does serve a purpose, and Courts do not and cannot conditionally certify collective actions based on conclusory and unsupported allegations.  *Myers*, 624 F.3d at 555 ("[T]he modest factual showing required to obtain conditional certification cannot be satisfied by unsupported assertions.") (Internal quotation marks and citations omitted).

II.  If This Court Permits Notice, It Should Be Limited Only To Plaintiffs', And The Opt-In Plaintiffs', Work Locations.

Even if the Court finds that this case is appropriate for conditional certification, Plaintiffs have not shown a statewide unlawful policy or practice.  Courts that have permitted conditional certification in such circumstances have generally limited notice only to those locations where the plaintiff submitted competent evidence that a violation may have occurred.  *See, e.g., Rudd v. T.L. Cannon Corp.*, No. 10-CV-0591 (TJM/DEP), 2011 WL 831446 (N.D.N.Y. Jan. 4, 2011) (recommending conditional certification only at locations the plaintiffs worked); *Burkhart-Deal v. CitiFinancial, Inc.*, No. 07-1747, 2010 WL 457127 (W.D. Pa. Feb. 4, 2010) (limiting

---

[5] Defendant also objects to Magistrate Judge Pohorelsky's conclusion that Plaintiffs "have provided sufficient proof of Amerigroup's intent to avoid paying them for all of the overtime worked."  (Dkt. No. 59 at 11.)  This conclusion as to Defendant's intent is still in dispute, lacks evidentiary support, and amounts to a credibility determination inappropriate at this stage. *Anjum v. J.C. Penney Co., Inc.*, No. 13-CV-460(RJD)(RER), 2015 WL 3603973 (E.D.N.Y. June 5, 2015) (Dearie, J.) ("At the conditional certification stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.") (quoting *Ahmed v. T.J. Maxx Corp.*, No. 10-CV-3609(ADS)(ARL), 2014 WL 5280423, at *3 (E.D.N.Y. Sept. 24, 2014)).

certification only to branches where the plaintiff and plaintiff's declarants worked); *Hens v. ClientLogic Operating Corp.*, No. 05-CV-381S, 2006 WL 2795620 (W.D.N.Y. Sept. 26, 2006) (limiting notice to facilities plaintiffs and declarants worked despite plaintiffs' submission of over 40 declarations to support nationwide notice).

As these decisions recognize, where plaintiffs propose a statewide class, they must demonstrate the existence of a statewide company policy pursuant to which the alleged violations occurred. Indeed, this Court has recognized the same principle. In *Anjum v. J.C. Penney Co., Inc.*, No. 13-CV-460(RJD)(RER), 2015 WL 3603973 (E.D.N.Y. June 5, 2015) (Dearie, J.), this Court rejected the plaintiffs' invitation to certify a statewide class of sales associates. Instead, the Court permitted a narrower distribution of notice to putative class members employed at two stores in Manhattan and Staten Island at which the plaintiffs, identified witnesses, and opt-in plaintiffs worked. *Id.*, at *6-7. Denying the plaintiffs' request for broader, statewide notice, this Court reasoned that it had "no firsthand evidence of the violations at any other of the J.C. Penney stores in the State of New York," and had only "hearsay statements" asserting the "belief" that employees at other locations were subject to similar policies. *Id.*, at *8.

Named Plaintiffs Bijoux and Rodriguez both reported to the same supervisors, David Bauduy and Crystal Smith, and worked at the same Queens, New York CSC.[6] (Dkt. No. 35 at 7.) And, although the Named Plaintiffs identified 10 MRs with whom they allegedly discussed their uncompensated work in their declarations, *all 10 MRs* reported to Bauduy and worked at the same Queens CSC (six of whom have opted into the lawsuit). Collectively, therefore, the

---

[6] Further, the opt-in declarants were supervised primarily by one of five supervisors, David Bauduy, Crystal Smith, Guadalupe Velez, Lawrence Fletcher, and Elsie Rodriguez, at three CSCs.

Named Plaintiffs' and their identified witnesses' experiences implicate two managers and two CSCs. Defendant eventually terminated one of these managers, David Bauduy, because he failed to properly manage his direct reports' work schedules. Struggling to identify the appropriate "glue" to bind their proposed class, Plaintiffs argue (and Magistrate Judge Pohorelsky accepted) that Bauduy's termination provides the critical link suggesting a companywide policy to improperly discourage or limit overtime. *See* Dkt. No. 59, at 6, 9. But, Bauduy's employment and eventual termination provide no basis for this Court to certify a statewide class of MRs who worked at different CSCs, at different times, and under the supervision of different managers with varied experiences. Plaintiffs' and the opt-in plaintiffs' limited experiences fall far short of "actual evidence of a factual nexus between [Plaintiffs'] situation and those that [they] claim[] are similarly situated, rather than mere conclusory allegations." *Prizmic v. Armour*, No. 05-CV-2503(DLI)(MDG), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006). At most, the Court should permit notice only to the locations at which Plaintiffs and their declarants worked.

As in *Anjum*, Plaintiffs provided evidence of unlawful policies or practices at a limited number of Defendant's CSCs, and the Court should therefore reject Magistrate Judge Pohorelsky's recommendation to certify a statewide collective action.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court reject the Magistrate Judge's Report and Recommendation on Plaintiffs' Motion for Conditional Certification and Court-Certified Notice Pursuant to Section 216(b) of the Fair Labor Standards Act. In the alternative, and should the Court accept the Magistrate Judge's recommendation, Defendant respectfully requests that the Court re-define the appropriate class as set forth above.

Dated:  August 6, 2015               Respectfully submitted,


                                     s/ *Heather Havette*
                                     Heather Havette (Georgia Bar No. 142080)*
                                     hhavette@seyfarth.com
                                     Diana Kim (Georgia Bar. No 431626) *
                                     dkim@seyfarth.com
                                     Olushola Ayanbule (Georgia Bar. No. 834796)*
                                     oayanbule@seyfarth.com
                                     SEYFARTH SHAW LLP
                                     1075 Peachtree Street, N.E., Suite 2500
                                     Atlanta, Georgia 30309-3958
                                     Telephone:  (404) 885-1500
                                     Facsimile:  (404) 892-7056

                                     **Pro Hac Vice* **Motion Granted**

                                     Attorneys For Defendant
                                     Amerigroup New York, LLC

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LUC A. BIJOUX and JUAN RODRIGUEZ,           :
on behalf of themselves and all others      :
similarly situated,                         :
                                            :
              Plaintiffs,                   :   Case No. 1:14-cv-03891-RJD-VVP
                                            :
       v.                                   :
                                            :
AMERIGROUP NEW YORK, LLC,                   :
                                            :
              Defendant.                    :
-------------------------------------------------------X
```

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2015, I filed the foregoing DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-CERTIFIED NOTICE PURSUANT TO SECTION 216(B) OF THE FLSA with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following attorneys of record:

| | |
|---|---|
| Rachel M. Bien, Esq. | Garrett D. Kaske, Esq. |
| Deirdre Anne Aaron, Esq. | Marijana F. Matura, Esq. |
| OUTTEN & GOLDEN LLP | Troy L. Kessler, Esq. |
| 3 Park Avenue, 29th Floor | SHULMAN KESSLER LLP |
| New York, New York 10016 | 534 Broadhollow Road, Suite 275 |
| | Melville, New York 11747 |

s/ *Heather Havette*
Heather Havette

20531013v.2