UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUC A. BIJOUX and JUAN RODRIGUEZ, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br> v.<br><br>AMERIGROUP NEW YORK, LLC,<br><br>        Defendant. | No. 14 Civ. 3891 (RJD) (VVP) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-CERTIFIED NOTICE PURSUANT TO 216(B) OF THE FLSA**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL & FACTUAL BACKGROUND ..................................................................... 3

ARGUMENT ................................................................................................................................ 5

I.     The Court Should Review the R&R Under the Clearly Erroneous Standard. .................... 5

II.    Under Any Standard, the Magistrate Judge Correctly Applied the Law. .......................... 6

      A.     Plaintiffs' Motion Satisfies the "Modest" Evidentiary Standard for Conditional Certification ................................................................................................................. 7

      B.     Notice Should Be Sent to All Marketing Representatives in New York ................ 9

III.   The Court Should Order Defendant to Produce Contact Information for Collective Members So That Notice Can Issue Promptly.................................................................. 11

CONCLUSION ............................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                                            **PAGE(S)**

*Amador v. Morgan Stanley & Co.*,
  No. 11 Civ. 4326, 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ............................................7, 10

*Anjum v. J.C. Penny Co., Inc.*,
  No. 13 Civ. 460, 2015 WL 3603973 (E.D.N.Y. June 5, 2015)...........................................7, 10

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
  206 F.R.D. 78 (S.D.N.Y. 2002) ................................................................................................6

*Chen v. Oceanica Chinese Rest., Inc.*,
  No. 13 Civ. 4623, 2014 WL 1338315 (E.D.N.Y. Apr. 2, 2014)............................................6, 9

*Gortat v. Capala Bros., Inc.*,
  No. 07 Civ. 3629, 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010)...............................................5

*Harper v. Gov't Employees Ins. Co.*,
  826 F. Supp. 2d 454 (E.D.N.Y. 2011) ......................................................................................5

*Hens v. ClientLogic Operating Corp.*,
  No. 05 Civ. 381S, 2006 WL 2795620 (W.D.N.Y. Sept. 26, 2006) ........................................10

*Hernandez v. Immortal Rise, Inc.*,
  No. 11 Civ. 4360, 2012 WL 6720734 (E.D.N.Y. Dec. 27, 2012) ............................................5

*Huang v. J & A Entm't Inc.*,
  No. 09 Civ. 5587, 2010 WL 2670703 (E.D.N.Y. June 29, 2010)..........................................6, 8

*Kassman v. KPMG LLP*,
  No. 11 Civ. 3743, 2014 WL 3298884 (S.D.N.Y. July 8, 2014) ...............................................6

*Lazo v. Queens Health Food Emporium, Inc.*,
  No. 11 Civ. 5848, 2012 WL 2357564 (E.D.N.Y. June 20, 2012)............................................5

*McEarchen v. Urban Outfitters, Inc.*,
  No. 13 Civ. 3569, 2014 WL 4701164 (E.D.N.Y. Sept. 23, 2014)............................................5

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010)............................................................................................1, 6, 7

*Patton v. Thomson Corp.*,
  364 F. Supp. 2d 263 (E.D.N.Y. 2005) ......................................................................................6

*Rudd v. T.L. Cannon Corp.*,
  No. 10 Civ. 0591, 2011 WL 831446 (W.D.N.Y. Jan. 4, 2011) ..............................................10

*Ruggles v. WellPoint, Inc.*,
    591 F. Supp. 2d 150 (N.D.N.Y. 2008) ........................................................................................1

*Summa v. Hofstra Univ.*,
    715 F. Supp. 2d 378 (E.D.N.Y. 2010) .......................................................................................6

*Thomas v. Arn*,
    474 U.S. 140 (1985) ................................................................................................................11

*United States v. Isiofia*,
    370 F.3d 226 (2d Cir. 2004) .....................................................................................................6

*United States v. U.S. Gypsum Co.*,
    333 U.S. 364 (1948) ..................................................................................................................6

*Winfield v. Citibank, N.A.*,
    843 F. Supp. 2d 397 (S.D.N.Y. 2012) .......................................................................................9

**Statutes**

28 U.S.C. § 636(b)(1)(A) ..............................................................................................................1, 5

Fair Labor Standards Act ..................................................................................................... *passim*

New York Labor Law .......................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 72(a) .........................................................................................................................5

Fed. R. Civ. P. 72(b)(3) ....................................................................................................................5

**PRELIMINARY STATEMENT**

Plaintiffs Luc A. Bijoux and Juan Rodriguez, former Marketing Representatives who worked for Defendant Amerigroup New York, LLC ("Defendant" or "Amerigroup"), respectfully request that the Court overrule Defendant's objections to the Magistrate Judge's well-reasoned Report and Recommendation ("R&R"), ECF No. 59, in which the Magistrate Judge followed well-settled case law in recommending that the Court grant Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the Fair Labor Standards Act, ECF No. 32 ("Notice Motion"). The Magistrate Judge correctly followed the prevailing standard in this Circuit that, at this early stage of the case, Plaintiffs must only show that they and other workers "*may be*" similarly situated. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

The standard is low and easy to meet for a good reason. If other workers are not informed of their right to join this case and stop their statutes of limitations from running, their claims will continue to diminish and expire by the day. *See Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 161 n.12 (N.D.N.Y. 2008). Later in the case, after full discovery, is when the Court should apply a higher standard and determine whether the workers who actually join the case are similarly situated to the Plaintiffs. *See Myers*, 624 F.3d at 555.

As an initial matter, the Court should not review the R&R *de novo*, as Defendants request. A court should only review dispositive rulings *de novo*. Because the R&R is not a dispositive ruling, the Court may uphold Defendant's objections only if it finds that the R&R is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Defendant does not even attempt to make this showing. Under any standard, however, Defendant's arguments have no merit.

Defendant is wrong that Plaintiffs have not identified a policy to deprive workers of earned overtime compensation. The Magistrate Judge properly relied on allegations in Plaintiffs' Complaint along with testimony that: (1) Amerigroup did not pay Marketing Representatives for all of the overtime they worked; (2) Amerigroup imposed quotas that Marketing Representatives could not meet without working overtime; (3) Amerigroup was aware of the unpaid work; and (4) Amerigroup fired a manager for attempting to pay Marketing Representatives for their off-the-clock work. The record[1] supports the Magistrate Judge's conclusion that Plaintiffs met their low burden to show "a practice of either discouraging the reporting of overtime hours or failing to compensate [Marketing Representatives] for all of the hours that were reported." R&R at 9.

Defendant is also wrong that the record does not support sending notice to all Marketing Representatives who worked in New York. Plaintiffs presented evidence that Defendant's failure to pay workers for all overtime worked was widespread. This evidence consisted of testimony from twelve Marketing Representatives who worked for at least five different managers, in Queens, Long Island, and Brooklyn, and all reported that they were subjected to the same policies and practices. Critically, Defendant admits that the policy that caused the uncompensated overtime work – the requirement that Marketing Representatives meet quotas that could not be met during the regularly scheduled workday – applied to all Marketing Representatives throughout New York.

---

[1] The facts supporting Plaintiffs' Notice Motion are summarized in the R&R and were set forth in detail in the Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA ("Pls.' Br."). ECF No. 33. For the sake of brevity, the facts are not restated here, but are incorporated by reference.

2

**PROCEDURAL & FACTUAL BACKGROUND**

Plaintiffs, Amerigroup Marketing Representatives who helped Medicaid-eligible New Yorkers fill out applications for government-subsidized health insurance, filed this lawsuit on June 23, 2014. ECF No. 1. In addition to the two named Plaintiffs, at the time that Plaintiffs filed their Motion, ten other workers had joined the case as opt-in plaintiffs. *See* ECF Nos. 5-11, 14, 28-29. Subsequently, an additional five opt-in plaintiffs joined the case. *See* ECF Nos. 48-49, 51, 53-54.

Plaintiffs bring claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), alleging that Defendant failed to pay them and other Marketing Representatives for overtime hours they worked while making home visits to potential enrollees and while completing enrollment applications and forms after their scheduled shifts and on weekends. Pls.' Br. at 3, 5-6.

On December 22, 2014, Plaintiffs filed their Notice Motion. They supported the Motion with detailed declarations from the two named Plaintiffs and ten opt-in plaintiffs. ECF Nos. 34-1 to 34-12. These declarations support Plaintiffs' claims that:

- Amerigroup did not pay Marketing Representatives for overtime hours they worked beyond their scheduled shifts;[2]

- Amerigroup required Marketing Representatives to meet difficult to achieve enrollment quotas or risk termination;[3]

---

[2] Ex. A (Alarcon Decl.) ¶ 13; Ex. B (Bijoux Decl.) ¶ 16; Ex. C (Desrosiers Decl.) ¶ 13; Ex. D (Espinal Decl.) ¶ 16; Ex. E (Estime Decl.) ¶ 13; Ex. F (Jean Jacques Decl.) ¶ 15; Ex. G (Landaverde Decl.) ¶ 16; Ex. H (Lazarre Decl.) ¶ 15; Ex. I (Mondesir Decl.) ¶ 15; Ex. J (Ozoria Decl.) ¶ 15; Ex. K (Rodriguez Decl.) ¶ 15; Ex. L (Saint-Aude Decl.) ¶ 13.

[3] Ex. A (Alarcon Decl.) ¶¶ 26-28; Ex. B (Bijoux Decl.) ¶¶ 29-31; Ex. C (Desrosiers Decl.) ¶¶ 26-28; Ex. D (Espinal Decl.) ¶¶ 29-31; Ex. E (Estime Decl.) ¶¶ 25-27; Ex. F (Jean Jacques Decl.) ¶¶ 27-29; Ex. G (Landaverde Decl.) ¶¶ 28-30; Ex. H (Lazarre Decl.) ¶¶ 27-30; Ex. I (Mondesir Decl.) ¶¶ 27-29; Ex. J (Ozoria Decl.) ¶¶ 27-30; Ex. K (Rodriguez Decl.) ¶¶ 27-30; Ex. L (Saint-Aude Decl.) ¶ 25-28.

- In order to satisfy these enrollment quotas, Marketing Representatives had to work beyond their scheduled shifts, making home visits and completing application forms;[4]

- Amerigroup was aware that its Marketing Representatives were working after hours because Amerigroup's policy requires Marketing Representatives to call their supervisors after their home visits in order to record the number of enrollments they received;[5]

- Amerigroup informed its Marketing Representatives during their initial training that they were required to answer telephone calls from potential enrollees regardless of the time of day or day of the week;[6]

- Marketing Representatives regularly received calls from potential enrollees at all hours of the day, 7 days a week.[7]

- The declarants worked for at least five different managers in Queens, Brooklyn and Nassau County.[8]

- Amerigroup applied its policies to Marketing Representatives throughout New York.[9]

---

[4]    Ex. A (Alarcon Decl.) ¶¶ 10-11, 25; Ex. B (Bijoux Decl.) ¶¶ 13-14, 28; Ex. C (Desrosiers Decl.) ¶¶ 10-11, 25; Ex. D (Espinal Decl.) ¶¶ 12-14, 29; Ex. E (Estime Decl.) ¶¶ 10-11, 25; Ex. F (Jean Jacques Decl.) ¶¶ 12-13, 27; Ex. G (Landaverde Decl.) ¶¶ 12-14, 28; Ex. H (Lazarre Decl.) ¶¶ 12-13, 27; Ex. I (Mondesir Decl.) ¶¶ 12-13, 27; Ex. J (Ozoria Decl.) ¶¶ 12-13, 27; Ex. K (Rodriguez Decl.) ¶¶ 12-13, 27; Ex. L (Saint-Aude Decl.) ¶ 10-12, 25.

[5]    *See* Ex. A (Alarcon Decl.) ¶ 31; Ex. B (Bijoux Decl.) ¶ 34; Ex. C (Desrosiers Decl.) ¶ 31; Ex. D (Espinal Decl.) ¶ 34; Ex. F (Jean Jacques Decl.) ¶ 32; Ex. G (Landaverde Decl.) ¶ 33; Ex. H (Lazarre Decl.) ¶ 33; Ex. I (Mondesir Decl.) ¶ 32; Ex. J (Ozoria Decl.) ¶ 33; Ex. K (Rodriguez Decl.) ¶ 33; Ex. L (Saint-Aude Decl.) ¶ 31.

[6]    Ex. A (Alarcon Decl.) ¶ 32; Ex. B (Bijoux Decl.) ¶ 36; Ex. C (Desrosiers Decl.) ¶ 33; Ex. D (Espinal Decl.) ¶ 35; Ex. E (Estime Decl.) ¶ 32; Ex. F (Jean Jacques Decl.) ¶ 34; Ex. G (Landaverde Decl.) ¶ 34; Ex. H (Lazarre Decl.) ¶ 35; Ex. I (Mondesir Decl.) ¶ 34; Ex. J (Ozoria Decl.) ¶ 35; Ex. K (Rodriguez Decl.) ¶ 35; Ex. L (Saint-Aude Decl.) ¶ 33.

[7]    Ex. A (Alarcon Decl.) ¶ 32; Ex. B (Bijoux Decl.) ¶ 36; Ex. C (Desrosiers Decl.) ¶ 33; Ex. D (Espinal Decl.) ¶ 35; Ex. E (Estime Decl.) ¶ 32; Ex. F (Jean Jacques Decl.) ¶ 34; Ex. G (Landaverde Decl.) ¶ 34; Ex. H (Lazarre Decl.) ¶ 35; Ex. I (Mondesir Decl.) ¶ 31; Ex. J (Ozoria Decl.) ¶ 35; Ex. K (Rodriguez Decl.) ¶ 35; Ex. L (Saint-Aude Decl.) ¶ 33.

[8]    *See* Ex. A (Alarcon Decl.) ¶ 18; Ex. B (Bijoux Decl.) ¶ 21; Ex. C (Desrosiers Decl.) ¶ 18; Ex. D (Espinal Decl.) ¶ 21; Ex. E (Estime Decl.) ¶ 18; Ex. F (Jean Jacques Decl.) ¶ 20; Ex. G (Landaverde Decl.) ¶ 21; Ex. I (Mondesir Decl.) ¶ 20; Ex. J (Ozoria Decl.) ¶ 20; Ex. K (Rodriguez Decl.) ¶ 20; Ex. L (Saint-Aude Decl.) ¶ 18.

[9]    Ex. A (Alarcon Decl.) ¶ 37; Ex. B (Bijoux Decl.) ¶ 41; Ex. C (Desrosiers Decl.) ¶ 37; Ex. D (Espinal Decl.) ¶ 40; Ex. E (Estime Decl.) ¶ 37; Ex. F (Jean Jacques Decl.) ¶ 39; Ex. G (Landaverde Decl.) ¶ 39; Ex. H (Lazarre Decl.) ¶ 40; Ex. I (Mondesir Decl.) ¶ 39; Ex. J (Ozoria

In a thorough opinion, the Magistrate Judge granted Plaintiffs' Notice Motion.  ECF No. 59.  Following well-established caselaw, the Magistrate Judge held that Plaintiffs "made a sufficient shoring that the defendant was engaged in an illegal plan or policy for purposes of conditional collective certification," R&R at 13, that Defendant had failed to "undermine the notion that the named plaintiffs, opt-ins, and potential opt-ins are similarly situated for purposes of conditional collective certification," *id*. at 22, and that Plaintiffs' proposed collective action notice and consent form should be approved, *id.* at 22-23.  The Magistrate Judge, therefore, authorized Plaintiffs to notify other Marketing Representatives of their right to join this case and protect their rights to be paid properly.

## ARGUMENT

**I.    The Court Should Review the R&R Under the Clearly Erroneous Standard.**

The *de novo* standard that Defendant asks the Court to use applies to the review of dispositive rulings.  *See* Fed. R. Civ. P. 72(b)(3).  Courts reconsider *non-dispositive* pretrial rulings "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  The R&R, which resolves a motion for FLSA conditional certification, is a non-dispositive ruling.  *McEarchen v. Urban Outfitters, Inc.*, No. 13 Civ. 3569, 2014 WL 4701164, at *1 n.1 (E.D.N.Y. Sept. 23, 2014).[10]

---

Decl.) ¶ 40; Ex. K (Rodriguez Decl.) ¶ 40; Ex. L (Saint-Aude Decl.) ¶ 38.  Amerigroup Marketing Representatives work in the five boroughs of New York and on Long Island.  *See* Compl. ¶ 13.

[10]    *See also Hernandez v. Immortal Rise, Inc.*, No. 11 Civ. 4360, 2012 WL 6720734, at *1 (E.D.N.Y. Dec. 27, 2012); *Harper v. Gov't Employees Ins. Co.*, 826 F. Supp. 2d 454, 456 (E.D.N.Y. 2011); *Lazo v. Queens Health Food Emporium, Inc.*, No. 11 Civ. 5848, 2012 WL 2357564, at *2 (E.D.N.Y. June 20, 2012) ("Motions for conditional certification of collective actions are nondispositive pretrial matters[.]"); *Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629,

A ruling is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted). Under this "highly deferential" standard, Defendant bears "a heavy burden [as] the objecting party." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010) (internal quotation marks omitted). Reversal is permitted only if the Magistrate Judge "abused his discretion." *Id.* at 384 (internal quotation marks omitted).

## II.     Under Any Standard, the Magistrate Judge Correctly Applied the Law.

The R&R applies the well-recognized "two-step approach widely used by the district courts in this Circuit and by other circuit courts" for certification of collective actions under the FLSA. *Kassman v. KPMG LLP*, No. 11 Civ. 3743, 2014 WL 3298884, at *5 (S.D.N.Y. July 8, 2014). At the initial "notice stage," the Magistrate Judge properly required Plaintiffs only to demonstrate that other employees "*may* be similarly situated" to them, *Myers*, 624 F.3d at 555 (internal quotation marks omitted) (emphasis added), and properly required them to meet their burden based on "a modest factual showing." *See Huang v. J & A Entm't Inc.*, No. 09 Civ. 5587, 2010 WL 2670703, at *1 (E.D.N.Y. June 29, 2010) (internal quotation marks and citation omitted); *see also Chen v. Oceanica Chinese Rest., Inc.*, No. 13 Civ. 4623, 2014 WL 1338315, at *3 (E.D.N.Y. Apr. 2, 2014), *adopting* report and recommendation of Pohorelsky, M.J. (E.D.N.Y. Feb. 27, 2014).

---

2010 WL 1423018, at *8, 12 (E.D.N.Y. Apr. 9, 2010); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005).

It was correct for the Magistrate Judge to follow the weight of authority in applying a low standard of proof because "the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555. Granting Plaintiffs' rather routine motion on the current record was not out of the ordinary because courts applying the correct standard "typically grant[] conditional certification." *Amador v. Morgan Stanley & Co.*, No. 11 Civ. 4326, 2013 WL 494020, at *3 (S.D.N.Y. Feb. 7, 2013) (internal quotation marks omitted).

The Magistrate Judge properly left for the second stage, after discovery, the question of whether the workers who ultimately decide to join the case are "in fact" similarly situated to Plaintiffs. *See Myers*, 624 F.3d at 555.

### A. Plaintiffs' Motion Satisfies the "Modest" Evidentiary Standard for Conditional Certification.

Although Defendant acknowledges the "modest" evidentiary standard, *see* ECF No. 60 ("Def.'s Obj.") at 5-6, it disregards it in making its argument that Plaintiffs' evidence is insufficient. Plaintiffs supported their motion with twelve "detailed" declarations, *id*. at 2, demonstrating Defendant's *de facto* policy of failing to pay for all overtime worked that applied to Marketing Representatives across New York. *See* Pls.' Br. at 5-6, 9-11. As the Magistrate Judge properly held, "a plaintiff can meet this burden by 'rely[ing] on the pleadings . . . as supplemented by other evidence, such as affidavits from named plaintiffs, opt-in plaintiffs, or other putative collective action members.'" R&R at 4 (quoting *Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 509 (S.D.N.Y. 2010)) (citations omitted). *See also Anjum v. J.C. Penny Co., Inc.*, No. 13 Civ. 460, 2015 WL 3603973, at *7 (E.D.N.Y. June 5, 2015) (Dearie, J.) (plaintiffs' burden may be satisfied by relying on the pleadings, their own declarations, and the declarations of putative class members) (citing *Amador*, 2013 WL 494020, at *2).

7

The Magistrate Judge thoroughly addressed and properly rejected Defendant's argument that Plaintiffs did not show that Defendant limited or discouraged overtime. *See* R&R at 7-11. As the Magistrate Judge found, Plaintiffs showed that Defendant's "'facially lawful policy was implemented in an unlawful manner, resulting in a pattern or practice of FLSA violations.'" R&R at 9 (quoting *Amador*, 2013 WL 494020, at *6). Plaintiffs did so by presenting evidence that Defendant: "(1) imposed enrollment quotas; (2) was aware that its MRs were working overtime in order to meet those quotas; and (3) did not compensate the MRs for all overtime worked." R&R at 9. Defendant also ignores evidence, on which the Magistrate Judge relied, that Defendant fired at least one manager for *trying to pay overtime*. The Magistrate Judge was correct in reasoning that this "further suggest[ed] an unlawful policy geared toward depriving MRs of overtime pay." R&R at 9-10.

The Magistrate Judge also correctly rejected Defendant's strained attempt to distinguish this case from similar off-the-clock cases where courts in this Circuit have granted conditional certification. *See* R&R at 8-10; Def.'s Obj. at 6-8. Defendant's argument that the plaintiffs in those cases presented much more evidence than Plaintiffs did here ignores the twelve declarations Plaintiffs submitted, *see* Pls.' Br. at 5-6, 9-10, and that a light burden applies at this stage. *See Huang*, 2010 WL 2670703, at *1.[11]

Defendant also rests much of its argument on a misrepresentation. Its claim that Plaintiffs' counsel "conceded that they have no evidence of a statewide policy or practice to deny, limit, or discourage [Marketing Representatives] from recording overtime hours," Def.'s Obj. at 2, is simply untrue. The portion of the transcript to which Defendant cites contains no

---

[11] In addition, although the Magistrate Judge did not rely on them, *see* ECF No. 47, Plaintiffs submitted four supplemental declarations supporting their claim that Amerigroup discouraged Marketing Representatives from recording all of their time. *See* ECF Nos. 42, 43, 43-1 to 43-4.

8

such concession. Instead, it contains an explanation that Plaintiffs and other Marketing Representatives worked overtime hours, that their managers were aware of these overtime hours, and that Defendant failed to compensate them for these hours. *See* ECF No. 50 at 26-27.

The Magistrate Judge was also correct to reject Defendant's argument that Plaintiffs are required to point to a policy that is unlawful on its face. Following several other district courts in this Circuit, the Magistrate Judge explained that "the existence of a formal policy that is facially unlawful is not a prerequisite for conditional certification. Instead, it is sufficient to show that a facially lawful policy was implemented in an unlawful manner, resulting in a pattern or practice of FLSA violations." R&R at 8. At this stage, courts should not "evaluate the underlying merits of a plaintiff's claims." *Chen*, 2014 WL 1338315, at *3 (internal quotation marks and citation omitted).

### B. Notice Should Be Sent to All Marketing Representatives in New York.

The Court should not limit notice to Marketing Representatives who worked for Plaintiffs' managers because, as the Magistrate Judge correctly held, Plaintiffs' evidence reaches beyond their specific locations. *See* R&R at 21. First, while Defendant notes that the two named Plaintiffs shared a common supervisor, Plaintiffs also submitted declarations from ten other Marketing Representatives who worked for at least five other supervisors across Queens, Brooklyn, and Nassau County. *See* Pls.' Br. at 10-11. In *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397 (S.D.N.Y. 2012), an off-the-clock case like this one, the court held that testimony that violations occurred at multiple locations was sufficient at the first stage to conditionally certify a nationwide collective. *See id.* at 406-08.

Second, the root cause of Marketing Representatives' overtime work, the enrollment quotas that Marketing Representatives could not meet without working beyond their scheduled

9

shifts, applied to all Marketing Representatives throughout New York. *See* Pls.' Br. at 11; Pls.' Reply Br. at 5. Similarly, in *Amador*, the court held that the defendant's de facto policy of requiring its client service associates to work unpaid overtime in order to adequately perform their job functions supported certification of a collective of all client service associates nationwide. *See, e.g.*, *Amador*, 2013 WL 494020, at *5.

The cases Defendant cites where courts have limited notice to particular work locations are distinguishable. *See* Def.'s Obj. at 9-10. For instance, in *Rudd v. T.L. Cannon Corp.*, No. 10 Civ. 0591, 2011 WL 831446 (W.D.N.Y. Jan. 4, 2011), the plaintiffs sought to conditionally certify an off-the-clock claim involving multiple job categories across 53 of defendants' restaurants based on evidence primarily relating to one location. No. 10 Civ. 0591, 2011 WL 831446, at at *1-2, 6 & n.9, 9-10 (N.D.N.Y. Jan. 4, 2011). Here, Plaintiffs' Notice Motion addresses a single job title and is supported by evidence from multiple locations.

Similarly, in *Hens v. ClientLogic Operating Corp.*, No. 05 Civ. 381S, 2006 WL 2795620 (W.D.N.Y. Sept. 26, 2006), the plaintiffs sought to certify a nationwide collective that "include[d] a time frame in which [defendant] did not own or operate some of th[e] facilities" where the employees worked. *Id.* at *5. Here, Plaintiffs only seek to send notice to Marketing Representatives who worked during the period since Amerigroup purchased the company. *See* R&R at 21.

*Anjum*, 2015 WL 3603973, is also inapposite. There, in support of a motion to certify a collective covering 47 stores and including nearly 3,500 sales associates, the plaintiffs submitted evidence concerning alleged violations at only two locations. *Id.* at *2-3. Here, Plaintiffs seek to send notice to only approximately 275 workers who worked in the five boroughs of New York and parts of Long Island, and have submitted declarations from twelve Marketing

10

Representatives who worked for at least 5 different managers, in Queens, Brooklyn, and on Long Island.  *See* Pls.' Br. at 10-11.

### III.   The Court Should Order Defendant to Produce Contact Information for Collective Members So That Notice Can Issue Promptly.

The Magistrate Judge approved Plaintiffs' proposed notice, consent to join form, and reminder notice.  *See* R&R at 22.  Because Defendant did not object to this portion of the R&R, the Court should adopt it.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  If the Court overrules Defendant's objections, it should instruct Defendant to produce the contact information for potential collective members that Plaintiffs requested in their Motion, *see* Pls.' Br. at 13-14, so that they can issue the notice promptly.

### CONCLUSION

For the foregoing reasons, and for those contained in Plaintiffs' Notice Motion, ECF Nos. 32-33, Plaintiffs respectfully request that the Court overrule Defendant's objections and adopt the R&R in its entirety.

Dated:  New York, New York
        August 20, 2015

                                Respectfully submitted,

                                **OUTTEN & GOLDEN LLP**
                                By:

                                /s/ Rachel Bien
                                Rachel Bien
                                Deirdre Aaron
                                3 Park Avenue, 29th Floor
                                New York, New York 10016
                                Telephone:  (212) 245-1000
                                Facsimile: (212) 977-4005

                                **SHULMAN KESSLER LLP**
                                Troy L. Kessler
                                Marijana Matura
                                Garrett Kaske

11

534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
Facsimile: (631) 499-9120