UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUC A. BIJOUX and JUAN RODRIGUEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIGROUP NEW YORK, LLC,<br><br>Defendant. | No. 14 Civ. 3891 (PK) |

**ORDER GRANTING PLAINTIFFS' MOTIONS FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, <u>AND SERVICE PAYMENTS</u>**

The above-entitled matter came before the Court on Plaintiffs' Motions for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement; Approval of Attorneys' Fees and Reimbursement of Expenses; and Approval of Service Payments ("Final Approval Motions"). Defendant does not oppose the Motions. After reviewing the Motion for Final Approval, the supporting Memorandum of Law in Support of the Motion for Preliminary Approval (the "Memorandum"), the Declaration of Rachel Bien ("Bien Decl."), the Declaration of Troy Kessler ("Kessler Decl."), and all other papers submitted in connection with Plaintiffs' Final Approval Motions, the Court hereby finds as follows:

1.  The Court grants final approval of the $1,650,000 settlement memorialized in the Settlement Agreement, attached to the Bien Decl. as Exhibit A, and "so orders" all of its terms which are incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class certification for purposes of effectuating settlement. The Court hereby certifies the following class for settlement purposes pursuant to Fed. R. Civ. P. 23(e):

> All individuals who worked as Marketing Representatives, Facilitated Enrollment Representatives, Certified Application Counselors, or Marketplace Facilitated Enrollers for Defendant in New York between May 1, 2012 and the date of this Order.

3. Outten & Golden LLP and Shulman Kessler LLP, which the Court previously appointed as Class Counsel, satisfy the adequacy requirements of Rule 23(a)(4).

4. The Court approves the Fair Labor Standard Act settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

5. The Court approves the settlement and all terms set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all members of the Settlement Class who have not timely and properly opted out pursuant to Paragraph 3.6 of the Settlement Agreement.

6. The attorneys at Outten & Golden LLP and Shulman Kessler LLP who prosecuted this case are experienced class action employment lawyers with good reputations among the employment law bar. The Court grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $550,000 in attorneys' fees, which is one-third of the Total Settlement Amount, plus $14,270.00 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. These amounts shall be paid from the Qualified Settlement Fund.

7. The Court finds reasonable the service payments of $10,000 each to Plaintiffs Luc A. Bijoux and Juan Rodriguez, and $2,000 each to FLSA Class Members Jose Alarcon, Gashyln Desrosiers, Mauricio Espinal, Jean Estime, Oscar Landaverde, Emmanuella Lazarre, McKenson Jean Jacques, Stephanie Mondesir, Narciso Ozoria, and Pascal Saint-Aude in recognition of the services they rendered on behalf of the Class. This amount shall be paid from the Qualified Settlement Fund.

8. The Court approves the Claims Administrator's fees of no more than $50,000. This amount shall be paid from the Qualified Settlement Fund.

9. If no individual or party appeals this Order, the "Effective Date" of the settlement will be 30 calendar days after the entry of this Order.

10. If an individual or party appeals this Order, the "Effective Date" of the settlement will be the date of the Court's entry of a final order and judgement dismissing this litigation with prejudice after any appeals are resolved.

11. The Claims Administrator shall mail to all Qualified Class Members their proportionate share of the Net Settlement Fund, Class Counsel's attorneys' fees and costs, and service payments within 14 days of the Effective Date.

12. The Litigation is hereby dismissed with prejudice. All Class Members who did not opt out are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Agreement.

13. The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

14. The parties shall abide by all terms of the Settlement Agreement.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
May 12, 2016